UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS LAURA, individually & on
behalf of all similarly situated,

    **Plaintiff,**

v.                                                         Case No: 8:15-cv-2914-T-27AAS

J.D. PARKER & SONS CO., INC.,

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Motion for Partial Summary Judgment (Dkt. 36) and Defendant's response (Dkt. 40) and Defendant's Second Motion for Summary Judgment (Dkt. 42) and Plaintiffs' response (Dkt. 44). Upon consideration, Plaintiffs' Motion is GRANTED and Defendant's Motion is DENIED.

### I. BACKGROUND

Named Plaintiff Nicholas Laura and opt-in Plaintiff Lester McVicker ("Plaintiffs")[1] were employed by Defendant, a private garbage collection company in Pasco County, Florida, as garbage truck drivers. (Parker Dec., Dkt. 40-1 ¶¶ 3, 21). Plaintiffs allege they were paid a day rate and

---

[1] Defendant argues that McVicker's Notice of Consent to Join is insufficient to make him a proper plaintiff because the Complaint was never amended to add him, which is inconsistent with the Court's Case Management and Scheduling Order setting a deadline to amend pleadings of 10 days after the close of discovery. Defendant provides no authority that a complaint must be amended to add an FLSA opt-in plaintiff and there is Eleventh Circuit authority indicating it is not required. *See Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003) ("[O]pt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs."). And the plain language of the statute contains no such requirement. *See* 29 U.S.C. § 216 ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")

worked overtime, but were not paid overtime compensation in violation of the Fair Labor Standards Act ("FLSA").

Defendant moves for summary judgment contending that it is exempt from the FLSA under the Motor Carrier Act Exemption. Plaintiffs also move for summary judgment on the Motor Carrier Act Exemption defense and for partial summary judgment on all elements of their claim except for the number of overtime hours, whether Defendant willfully violated the FLSA, and whether Defendant can prove a good faith defense.

## II. UNDISPUTED FACTS

Defendant is a private company that collects residential trash and recyclable materials in Pasco County, Florida. (Dkt. 15-1 ¶ 3). Plaintiffs were employed by Defendant as truck drivers and were paid a day rate. (Dkt. 18-1 ¶¶ 1, 9; Dkt. 22-1). Defendant is registered with the Department of Transportation ("DOT") and has an assigned DOT number which is displayed on its trucks. (Dkt. 40-1 ¶¶ 6-7). Defendant is registered as a private motor carrier authorized to transport intrastate non-hazmat garbage, refuse, and trash. (Dkt. 44-1). Defendant's truck drivers regularly drive on public roads and U.S. highways. (Dkt. 40-1 ¶ 18). After garbage is picked up by the truck drivers, it is taken to the West Pasco Solid Waste and Resource Recovery Facilities -- West Pasco Class III Landfill -- Waste-to-Energy Facility located in Spring Hill, Florida. (*Id.* ¶ 26).

## III. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th

Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)).

### III. DISCUSSION

#### A. *Motor Carrier Exemption*

Defendant argues that the Motor Carrier Act Exemption exempts its from the overtime provision of the FLSA as a matter of law. In response, Plaintiffs argue that the exemption does not apply because Defendant was not subject to the authority of the Secretary of Transportation and because their employment did not entail interstate transportation of garbage.

The FLSA requires employers to pay employees at time-and-a-half for any time worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(1). However, the act specifically exempts from this requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." *Id.* § 213(b)(1).

The Eleventh Circuit has "said that the MCA confers upon the Secretary of Transportation the authority 'to regulate the maximum hours of service of employees who are employed (1) by a common carrier by motor vehicle; (2) *engaged in interstate commerce*; and (3) whose activities

3

directly affect the safety of operations of such motor vehicles.'" *Abel v. S. Shuttle Servs., Inc.*, 631 F.3d 1210, 1213 (11th Cir. 2011) (quoting *Walters*, 575 F.3d at 1226–27) (emphasis added). According to the applicable regulations, the "exemption of an employee from the hours provisions of the Fair Labor Standards Act . . . depends both on the class to which his employer belongs and on the class of work involved in the employee's job." 29 C.F.R. § 782.2.

FLSA exemptions are narrowly construed against the employer, and as such, the employer bears the burden of showing its entitlement to the exemption. *Walters v. Am. Coach Lines Of Miami, Inc.*, 575 F.3d 1221, 1226 (11th Cir. 2009).

### i. The Secretary's Jurisdiction over J.D. Parker

Plaintiffs dispute whether the Secretary of Transportation has jurisdiction over Defendant because it is only engaged in local, intrastate commerce. They also argue that Defendant was only required to comply with DOT regulations by virtue of Florida Statute § 316.302(b), which adopted the DOT safety standards for commercial motor vehicles operating in interstate and intrastate commerce. *See Walters v. Am. Coach Lines Of Miami, Inc.*, 575 F.3d 1221, 1224 (11th Cir. 2009).[2]

It is undisputed that Plaintiffs do not perform services outside the State of Florida and do not transport goods across state lines. They pick up and drop off garbage solely within Pasco County. Defendant argues, however, that its intrastate transportation constitutes a part of interstate commerce that is part of a "continuous stream of interstate travel" because the garbage is taken to the West

---

[2] Because Defendant is not engaged in interstate commerce, it is unnecessary to discuss the other components of the Secretary's authority under the MCA. And *Mena v. McArthur Dairy, LLC*, 352 F. App'x 303 (11th Cir. 2009), on which Defendant relies, is distinguishable since the defendant on *Mena* was engaged in interstate commerce. *Id.* at 307 ("Thus, Mena's transportation of these products was part of the "practical continuity of movement" across state lines").

Pasco Solid Waste and Resource Recovery Facilities -- West Pasco Class III Landfill -- Waste-to-Energy Facility which produces clean, renewable energy through the combustion of municipal solid waste which is then sold to Progress Energy, now owned by Duke Energy, and then sold to millions of customers in multiple states.

"Purely intrastate transportation can constitute part of interstate commerce if it is part of a 'continuous stream of interstate travel'. . . . For this to be the case, there must be a 'practical continuity of movement' between the intrastate segment and the overall interstate flow." *Walters*, 575 F.3d at 1229 (quoting *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568, 63 S.Ct. 332, 335, 87 L.Ed. 460 (1943)). Some examples of intrastate transportation of goods or products that have been found to be "part of a continuous stream of interstate transportation" include a wholesale distributor transporting paper products made outside the state but transported only to customers within the state, *Walling*, 317 U.S. at 568, armored trucks delivering to Florida banks checks and other instruments bound for banks outside Florida, *Baez v. Wells Fargo Armored Serv. Corp.*, 938 F.2d 180, 181–82 (11th Cir. 1991), an oil company's transport within Georgia of petroleum products originating from refineries in Texas and Mississippi, *Galbreath v. Gulf Oil Corp.*, 413 F.2d 941 (5th Cir.1969), and a wholesale soft drink distributor transporting drinks bottled in Georgia from an Alabama warehouse to Alabama customers and returning empty bottles to the Alabama warehouse, where other trucks took them back to Georgia, *Opelika Royal Crown Bottling Co. v. Goldberg*, 299 F.2d 37 (5th Cir.1962).

However, where the continuity of transit of a product or good between its origin and the ultimate destination ceases or is interrupted, the interstate commerce element is not satisfied. *See Kline v. Wirtz*, 373 F.2d 281, 282 (5th Cir. 1967) (interstate movement ceased when meat from Iowa

was delivered to the employer's storage and processing area in Florida where at least a substantial part of the meat was boned, trimmed, and cut to order before delivery to customers). Plaintiffs are correct in arguing that the transformation of the garbage into renewable energy substantially changes the form of the garbage before the energy is sold to and used by any out of state consumers.[3] I conclude, therefore that Defendant's intrastate transportation of garbage, which is eventually processed into renewable energy and sold by Duke Energy to customers outside of Florida, does not constitute a "continuous stream of interstate travel" and therefore is not a part of interstate commerce for purposes of the MCA exemption.[4] Accordingly, Defendant is not exempt from the FLSA under the MCA and its motion will be denied and Plaintiffs' motion as to the applicability of this exemption will be granted.

### B. *Employee-Employer Relationship, FLSA Coverage, and Half-Time Calculation*

The remainder of Plaintiffs' motion requests partial summary judgment on the basis that it

---

[3] *Accord Mazzarella v. Fast Rig Support, LLC*, 115 F. Supp. 3d 500, 508 (M.D. Pa. 2015), aff'd, 823 F.3d 786 (3d Cir. 2016) (finding that fresh water utilized in the fracking process that is mixed with chemicals and becomes wastewater before it is hauled to Ohio interrupts the continuity of transit between its Pennsylvania origin and its final Ohio destination and therefore no practical continuity of movement between the intrastate hauling of the clean water by the plaintiff drivers and the subsequent interstate transportation by different drivers of the chemically transformed water for disposal); *Kimball v. Goodyear Tire & Rubber Co.*, 504 F. Supp. 544, 547 (E.D. Tex. 1980) (finding that the processing of crude oil into various hydrocarbon steams which were again processed and blended to become gasoline before any further interstate movement was sufficient to break the continuity of the transportation); *Goldberg v. Faber Indus., Inc.*, 291 F.2d 232, 234 (7th Cir. 1961) (finding that where meat scraps were delivered to rendering plants where they are processed into grease and livestock and poultry foods, such processing was sufficient to break the continuity of the transportation, thus precluding a holding that there is a through interstate movement of the meat scraps).

[4] Plaintiffs briefly state in their motion that there is no evidence as to whether they were engaged in activities that affect the operational safety of commercial vehicles, claiming Defendant has not proved this element. However, in their response to Defendant's motion, they do not dispute Parker's averment that they "engage[d] in activities of a character directly affecting the safety of operation of motor vehicles in the transportation of garbage on the public highways," that Plaintiffs were tasked with making decisions based on safety guidelines, that they were required to ensure that garbage was loaded into the truck in a way that would not jeopardize the safe operation of the truck on highways, and that they were required to operate the truck safely. (Dkt. 40-1 ¶¶ 22-25). As such, this element will be treated as undisputed. And, they do not dispute that they are employed by a common carrier.

is undisputed that Defendant is covered by the FLSA, that there was an employee-employer relationship between Plaintiffs and Defendant, and that Defendant was mandated to pay overtime to Plaintiffs pursuant to the day rate regulation. Defendant does not disagree that it is an Employer within the meaning of the FLSA or that Plaintiffs would be entitled to time and a half of their day rate for any overtime hours worked. (Dkt. 40 at 8). Defendant does assert that it continues to dispute whether it is subject to the FLSA. While Defendant may disagree with the Court's ruling that it is covered in denying its first motion for summary judgment, it provides no new support for its argument.[5] (*See* Dkt. 29). As such, Plaintiffs' motion requesting partial summary judgment on these elements will be granted.

Accordingly,

1. Plaintiffs' Motion for Partial Summary Judgment (Dkt. 36) is **GRANTED**. Defendant is covered by the FLSA, the Motor Carrier Act Exemption is unavailable to Defendant, Plaintiffs are employees of Defendant under the FLSA, and Plaintiffs are entitled to time and a half of their day rate for any overtime hours they prove they worked.

2. Defendant's Second Motion for Summary Judgment (Dkt. 42) is **DENIED**.

3. Plaintiffs' Motion for Sanctions (Dkt. 43) is **DENIED**.

**DONE AND ORDERED** this 1st day of February, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[5] It must be noted that the conception of what constitutes interstate commerce can differ under the MCA and FLSA. *Walters*, 575 F.3d at 1229.